## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JEAN M. MORRISON,

                Plaintiff,

vs.

                               Case No. 10-CV-727-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

### OPINION AND ORDER

Plaintiff, Jean M. Morrison, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's June 19, 2007, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held March 31, 2009.  By decision dated May 20, 2009, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on September 16, 2010.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the date of alleged onset of disability and 49 at the time of the ALJ's decision.  She has a high school education and formerly worked as a stocker, cashier, cleaner, phone sales person, and warehouse loader/unloader.  She claims to have been unable to work since June 15, 2007, as a result of ulcerative colitis and eczema.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform medium work except she must have ready access to bathroom facilities where she works.  The ALJ determined that with this RFC, Plaintiff could return to most of her past relevant work as it is actually and generally performed.  Further, based on the testimony of a vocational expert the ALJ determined that there is other work in the economy that Plaintiff could perform with this RFC.  Therefore the ALJ found that Plaintiff is not disabled. The case was thus decided at step four with an alternative step five finding in the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to perform a proper credibility analysis.

**Analysis**

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

The question in this case is whether Plaintiff's claim of having to use the toilet on average 10 times per day for 5 minutes to an hour at a time is credible. The vocational expert testified that the need for frequent breaks up to 10 times a day of anywhere from five minutes to an hour would render her unable to work without special accommodation from an employer. [Dkt. 17-2, p. 45]. The ALJ determined that Plaintiff was not credible. The basis for that determination is that Plaintiff's treating physicians did not place functional restrictions on her that would preclude medium work as long as she had ready access to bathroom facilities. [Dkt. 17-2, p. 15, 16]. The ALJ noted that Plaintiff's medical

3

records are very sparse and do not elaborate on her condition, but it appears that her condition has been responsive to treatment.   [Dkt. 17-2, p. 16].   The ALJ also noted Plaintiff's fairly robust daily activities.   *Id*.

The court finds that the ALJ's credibility analysis is not sufficient.   The comment about Plaintiff's daily activities misses the point, which is that Plaintiff claims those activities are routinely interrupted by an urgent need to get to use the toilet to a degree that she cannot maintain employment.   The ALJ did not point to any reference in the medical record to support his statement that Plaintiff's ulcerative colitis has been responsive to treatment. The records highlighted in Plaintiff's brief suggest that has not been the case.

Plaintiff alleges an onset of disability in June, 2007.   On June 11, 2007, Plaintiff complained to gastroenterologist Dr. Tatum of having 10 bowel movements per day with persistent gurgling and bloating.   [Dkt. 17-8, p. 3] On October 17, 2007 Plaintiff reported she had between 5 and 30 bowel movements per day with abdominal pain, at which time Dr. Tatum diagnosed active irritable bowel disease.   [Dkt. 17-8, p. 43].   An endoscopy report dated October 25, 2007 revealed "severely active irritable bowel disease." [Dkt. 17-8,p. 40].   On November 8, 2007 Plaintiff reported her condition was improving, [Dkt. 17-8, p.39], but on January 2, 2008, she reported 10 to 15 bowel movements a day and Dr. Tatum diagnosed ulcerative colitis under poor control.   [Dkt. 17-8, p. 37].   On February 6, 2008, Plaitniff reported to Dr. Tatum she did not think the medication was working.   [Dkt. 17-8, p. 36].   May 20, 2008, Dr. Tatum recorded that Plaintiff had activie ulcerative colitis, [Dkt. 17-8, p. 29].   On June 17, 2008, Plaintiff reported having 10 to 12 bowel movements a day and that she had to avoid eating at work.   Dr. Tatum diagnosed worsening ulcerative

colitis." [Dkt. 17-8, p. 26].  These records were not discussed by the ALJ in regard to the credibility determination, or otherwise in the decision.

The court finds that the ALJ failed to closely and affirmatively link the credibility determination to substantial evidence as required by *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995).  The decision must therefore be reversed and the case remanded for the application of the correct legal standards.

### Conclusion

The Commissioner's denial of benefits is REVERSED and the case is REMANDED for an appropriate credibility analysis.

SO ORDERED this 28th day of February, 2012.

*Frank H. McCarthy*

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE